IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| CANDICE CURD | § | PLAINTIFF |
| | § | |
| v. | § | Civil Action No. 1:09cv610-LG-RHW |
| | § | |
| WESTERN EXPRESS, INC., and | § | |
| PATRICK GUILLORY | § | DEFENDANTS |

consolidated with

| | | |
|---|---|---|
| GRANT L. CALES | § | PLAINTIFF |
| | § | |
| v. | § | Civil Action No. 1:09cv774-LG-RHW |
| | § | |
| WESTERN EXPRESS, INC., and | § | |
| PATRICK GUILLORY | § | DEFENDANTS |

MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

**BEFORE THE COURT** is the Motion for Partial Summary Judgment [86] filed

by Western Express, Inc., and Patrick Guillory.  Western Express and Guillory seek

summary judgment as to the following claims asserted by Candice Curd and Grant

Cales: negligent hiring, failure to train, negligent entrustment, negligent maintenance,

negligent loading, gross negligence, and wantonness.  The defendants also seek

judgment as a matter of law that Curd and Cales are not entitled to punitive damages.

Upon reviewing the submissions of the parties and the applicable law, the Court finds

that the Motion for Partial Summary Judgment should be granted.

FACTS

On May 21, 2008, Grant Cales was driving a 1991 GMC Sierra pick-up truck on

Interstate 10, and Candice Curd was riding in the passenger seat.  Patrick Guillory

was traveling behind Cales in a tractor-trailer that he operated on behalf of Western Express. As both vehicles approached a construction zone, a third vehicle pulled in front of Cales, causing him to reduce his speed. Guillory then struck the rear-end of Cales' truck, allegedly causing injuries to both Cales and Curd.

Curd filed a lawsuit against Guillory and Western Express, asserting claims of wantonness and negligence, including negligent maintenance, training, and loading. Cales later filed a separate lawsuit, alleging negligence, negligent hiring, negligent entrustment, and gross negligence. Both plaintiffs seek compensatory and punitive damages. The lawsuits filed by Curd and Cales have been consolidated by the Court. Western Express admits that Guillory was acting within the course and scope of his employment at the time of the accident, and thus it is vicariously liable for compensatory damages proximately caused by any negligence on the part of Guillory. Both defendants have filed the present Motion for Partial Summary Judgment, seeking dismissal of all claims asserted by the plaintiffs other than the general negligence and *respondeat superior* claims.

## DISCUSSION

Any party to a civil action may move for summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law. Fed. R. Civ. P. 56. A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 325 (1986).  Once the movant carries its burden, the burden

shifts to the non-movant to show that summary judgment should not be granted.

*Celotex Corp.*, 477 U.S. at 324-25.  The non-moving party may not rest upon mere

allegations or denials in its pleadings but must set forth specific facts showing the

existence of a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

256-57 (1986).

## A.  Negligent Maintenance and Loading Claims

The defendants seek summary judgment as to the negligent maintenance and

loading claims, because they contend that there is no evidence that they acted

negligently when loading or maintaining the tractor-trailer driven by Guillory.  The

plaintiffs have not disputed the defendants' argument that there is no evidence

supporting these claims, and they have not produced any evidence of negligent

maintenance or loading to the Court.  As a result, the Court finds that summary

judgment should be granted in favor of the defendants as to the negligent maintenance

and loading claims.

## B.  Negligent Hiring, Entrustment, and Training

Western Express argues that it is entitled to summary judgment regarding the

negligent hiring, entrustment, and training claims, because it admits that it is

vicariously liable for any damages caused by the negligence of Guillory.  In support of

its argument, Western Express relies on *Cole v. Alton*, 567 F. Supp. 1084 (N.D. Miss.

1983).  In *Cole*, the Court made an *Erie* guess that the Mississippi courts would hold

that dismissal of a plaintiff's negligent entrustment claim is proper where the

defendant admits vicarious liability. *Cole*, 567 F. Supp. at 1087. The Court in *Cole* relied in part on a 1956 Mississippi Supreme Court case that held that it was error to admit evidence of prior accidents involving an employee where the employer had admitted vicarious liability. *Id.* at 1086 (citing *Nehi Bottling Co. v. Jefferson*, 84 So. 2d 684, 686 (Miss. 1956)). The United States District Court for the Southern District of Mississippi has also predicted that the Mississippi Supreme Court would approve of the dismissal of a negligent entrustment claim where the employer admits vicarious liability. *See, e.g., Booker v. Hadley*, No. 2:08cv172-KS-MTP, 2009 WL 2225411 at \*2 (S.D. Miss. July 23, 2009); *Walker v. Smitty's Supply, Inc.*, No.5:06cv30-DCB-JMR, 2008 WL 2487793 at \*5 (S.D. Miss. 2008).

The plaintiffs do not dispute these arguments presented by Western Express. This Court agrees that it is unnecessary for a plaintiff to present evidence of negligent entrustment, or for that matter negligent hiring or training, where the defendant employer admits vicarious liability. Furthermore, the defendants would be unduly prejudiced by the presentation of that unnecessary evidence. After reviewing the case law in the Mississippi Supreme Court, as well as the courts in the Northern District of Mississippi and the Southern District of Mississippi, the Court finds that the plaintiffs' claims of negligent entrustment, hiring, and training should be dismissed.

## C. Gross Negligence, Wantonness, and Punitive Damages

The defendants also seek summary judgment regarding the claims of gross negligence and wantonness, as well as the demand for punitive damages.

"Mississippi law does not favor punitive damages; they are considered an

extraordinary remedy and are allowed 'with caution and within narrow limits.'" *Warren v. Derivaux*, 996 So. 2d 729, 738 (¶27) (Miss. 2008) (quoting *Life & Cas. Ins. Co. of Tenn. v. Bristow*, 529 So. 2d 629, 622 (Miss. 1988)).  "Punitive damages are only appropriate in the most egregious cases so as to discourage similar conduct and should only be awarded in cases where the actions are extreme."  *Paracelsus Health Care Corp. v. Willard*, 754 So. 2d 437, 442 (¶20) (Miss. 1999) (citing *Wirtz v. Switzer*, 586 So. 2d 775, 783 (Miss. 1991)).  The totality of the circumstances and the aggregate conduct of the defendant must be considered when determining whether punitive damages are appropriate.  *Willard*, 754 So. 2d at 442.  "In the automobile context, the Mississippi Supreme Court has been extremely reticent to permit punitive damages in cases involving the mere commission of traffic violations."  *Walker*,  2008 WL 2487793 at *6 (S.D. Miss. 2008)).

> Miss. Code Ann. §11-1-65 provides:
>
> Punitive damages may not be awarded if the claimant does not prove by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud.

The defendant's conduct must include "some element of aggression, insult, malice, or gross negligence that evidences a ruthless disregard for the rights of others" in order to justify an award of punitive damages.  *Bradfield v. Schwartz*, 936 So. 2d 931, 936 (¶17) (Miss. 2006).  Gross negligence is "that course of conduct which, under the particular circumstances, discloses a reckless indifference to consequences without the

exertion of any substantial effort to avoid them." *Ezell v. Bellsouth Telecomm., Inc.*, 961 F. Supp. 149, 152 (S.D. Miss. 1997) (quoting *Dame v. Estes*, 101 So. 2d 644, 645 (Miss. 1958)).  Meanwhile, wanton conduct has been defined to include an intentional act of unreasonable character and the reckless disregard of known or obvious risks that are so great as to make it highly probable that harm will follow.  *Pigford v. Jackson Pub. Sch. Dist.*, 910 So. 2d 575, 579 (¶19) (Miss. Ct. App. 2005).  "[Willful and wanton conduct] usually is accompanied by a conscious indifference to consequences, amounting almost to a willingness that harm would follow."  *Pigford*, 910 So. 2d at 579(¶19) (quoting *Maldonado v. Kelly*, 768 So. 2d 906, 910 (¶8) (Miss. 2000)).

In the present case, the plaintiffs argue that Guillory was following Cales' vehicle too closely, because he estimated that he was traveling approximately three seconds behind Cales.  They also note that Guillory admitted that construction zones are always hazardous, and they contend that he disregarded those dangers by traveling so closely in a construction zone.  Furthermore, they argue that Western Express was grossly negligent in hiring and entrusting a vehicle to Guillory when he had received about three speeding tickets and had been involved in about ten accidents, six of which were deemed preventable under the Federal Motor Carrier Safety Regulations.  They also point out that Guillory testified that he received no training in the seven years he worked for Western Express, aside from his initial safety orientation.  In addition, they rely on a past Department of Transportation audit that found some log and hour violations committed by Western Express.  Finally, they note

that Guillory was not medically qualified to drive the tractor-trailer under the FMCSR, because the vision in his left eye is 20/50.

   After reviewing the arguments and evidence presented by the plaintiffs in the light most favorable to them, the Court finds that the conduct of the defendants in this case constitutes, at most, simple negligence.  The accident at issue was a rear-end accident that contained no aggravating factors that would justify punitive damages. As a result, the Court finds that the defendants are entitled to summary judgment as to the plaintiffs' allegations of gross negligence and wantonness in addition to their demand for punitive damages.

   **IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Partial Summary Judgment [86] filed by Western Express, Inc., and Patrick Guillory is **GRANTED**.  The plaintiffs' punitive damages, negligent hiring, failure to train, negligent entrustment, negligent maintenance, negligent loading, gross negligence, and wantonness claims are hereby **DISMISSED WITH PREJUDICE**. The plaintiffs' general negligence claim and *respondeat superior* claim remain pending.

   **SO ORDERED AND ADJUDGED** this the 2[th] day of November, 2010.


                                    s/ *Louis Guirola, Jr.*
                                    LOUIS GUIROLA, JR.
                                    UNITED STATES DISTRICT JUDGE